## UNITED STATES v. ONE REO SPEED-WAGON AUTOMOBILE et al.

(District Court, W. D. Washington, S. D. February 25, 1925.)

No. 4668.

**1. Internal revenue ⬤=42—Court without power to accept bail for property seized for violation of law.**

Rev. St. § 3459 (Comp. St. § 6361), authorizing the collector to accept a bond and release property seized for violation of the internal revenue laws, contains nothing authorizing the court to do so.

**2. Internal revenue ⬤=42—Court cannot release property seized on bond pending offer of compromise.**

Where an offer to compromise a suit for violation of the internal revenue laws has been made, the court is without power to release property seized on bond pending its acceptance or rejection, under Rev. St. § 3229 (Comp. St. § 5952).

Forfeiture Libel. Suit by the United States against one Reo Speedwagon automobile and other property. On motion by the Metropolitan Casualty Insurance Company, claimant of the automobile, to release the same on bond. Denied.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and Wallace W. Mount, Asst. U. S. Atty., of Tacoma, Wash.

H. R. Lea, of Tacoma, Wash., for intervening claimant.

CUSHMAN, District Judge. Upon an information of libel for violation of section 6352, Comp. Stat. (section 3450, R. S.), the marshal has seized, and has possession of, the above-described automobile. A claim in intervention has been filed by the above-named claimant, asserting ownership of the automobile under the terms of a conditional sale contract. The case has not been tried. It has been shown that claimant has made to the Commissioner of Internal Revenue an offer in compromise, under section 5952, Comp. Stat. (section 3229, R. S.). The United States attorney and proctor for claimant have stipulated that the automobile has been appraised at $490, which amount has been deposited with the collector, in compromise. It is further stipulated that with the consent of the court the automobile may be returned to the owner (by which it is presumed is meant the claimant) upon the giving of a bond, to be approved by the court, in the amount of $490.

[1] Claimant now moves the court for the release of the automobile on a bond in an amount to be fixed by the court, pending the rejection or acceptance by the Commissioner of the offer in compromise. Its return is asked under authority of section 6361, Comp. Stat. (section 3459, R. S.). This section clearly contemplates a bond, the form of which, and sureties, shall be approved by the collector upon application of the owner, or marshal, and a finding made by the collector, after an examination of the property seized, that it should be sold to prevent waste or expense; the bond to be filed by the collector with the district attorney. None of these prerequisites have been made to appear.

The power of the court to discharge upon bail property so seized does not appear to be clearly granted, or defined, either by statute or decision. United States v. Three Hundred Barrels of Whisky, Fed. Cas. No. 16,510; United States v. Sixty-Nine Barrels of Rum, Fed. Cas. No. 16,307; United States v. One Chevrolet Automobile (D. C.) 267 F. 1021; section 1560, Comp. Stat. (section 934, R. S.); section 1557, Comp. Stat. (section 931, R. S.); De Lima v. Bidwell, 182 U. S. 1, 179, and 180, 21 S. Ct. 743, 45 L. Ed. 1041; Treat v. Staples, Fed. Cas. No. 14,162; Dixwell et al. v. Jones, Fed. Cas. No. 3,937; Brice et al. v. Elliott, Fed. Cas. No. 1,854; Pollard et al. v. Reardon, 65 F. 848, 13 C. C. A. 171.

[2] In the instant case, however, it is not necessary to determine the rule, in the absence of an offer of compromise; for by section 5952, Comp. Stat. (section 3229, R. S.), it is provided:

"The Commissioner of Internal Revenue, with the advice and consent of the Secretary of the Treasury, may compromise any civil or criminal case arising under the internal revenue laws instead of commencing suit thereon; and, with the advice and consent of the said Secretary and the recommendation of the Attorney General, he may compromise any such case after a suit thereon has been commenced. Whenever a compromise is made in any case there shall be placed on file in the office of the Commissioner the opinion of the Solicitor of Internal Revenue, or of the officer acting as such, with his reasons therefor, with a statement of the amount of tax assessed, the amount of additional tax or penalty imposed by law in consequence of the neglect or delinquency of the person against whom the tax is assessed, and the amount actually paid in accordance with the terms of the compromise."

It will be observed there is not a word in this section that recognizes any power whatever in the court. After an offer of compromise is made, and the fact that it has

been made is shown to the court, the court's authority is at an end, until it appears that a compromise has been effected, when the proceeding should be dismissed, and the property under seizure disposed of according to the terms of the compromise. If the compromise is rejected, when that fact is duly made to appear in the case, it will proceed to trial or other authorized disposition. If the Secretary of the Treasury has advised and consented, and the Attorney General has recommended, under the authority of the foregoing section, the release upon bond pending the consideration of the offer in compromise, that fact has not been made to appear.

Claimant's motion is denied.