THE MARY N. HOGAN, etc.

*(District Court, S. D. New York.* August 10, 1883.)

1. NEUTRALITY LAWS—FORFEITURE OF VESSEL—ADMIRALTY RULE 11.
    The eleventh rule in admiralty, authorizing the bonding of vessels arrested, is not imperative in all cases; it is designed to apply in suits to recover pecuniary demands, and should not be applied where it would defeat the object of the suit.

2. SAME—REV. ST. §§ 5283, 4189—BONDING VESSEL.
    Section 5283 of the Revised Statutes is designed to prevent hostile expeditions altogether by the seizure and forfeiture of the vessel engaged in them; not to set a price, by releasing the vessel on bond, upon the violation of international obligations: and no interpretation of the admiralty rules should be permitted which would admit of that result.

3. SAME—CASE STATED.
    Where the steam-tug M. N. H. was seized for forfeiture under sections 5283 and 4189, on a libel charging, upon responsible authority, that she had been fitted out for, and was about to depart upon, a hostile expedition against Hayti, and was registered under a false certificate of ownership, and application was made by the alleged owner, under rule 11, for appointment of appraisers for the purpose of bonding the vessel, *held,* that rule 11 was not designed for such a case, and that the vessel should not be released on bond, and the application for appraisers was denied.

In Admiralty.

*Elihu Root,* U. S. Atty., for libelant.

*Weekes & Forster,* for claimant.

BROWN, J. The steam-tug Mary N. Hogan being in the custody of the marshal, under arrest upon process issued for her forfeiture to the United States, application is made in behalf of John H. McCarthy, her alleged owner, for the appointment of appraisers to determine her value, preliminary to giving bond for her release from custody. The application is opposed by the district attorney on the ground that the

claimant is not, in this case, entitled to bond the vessel. The proceedings for the forfeiture of the vessel are instituted under sections 5283 and 4189 of the Revised Statutes. The former section subjects to forfeiture any vessel "furnished, fitted out, or armed within the limits of the United States with intent that such vessel shall be employed in the service of any foreign prince or state, or of any colony, district, or people to cruise or commit hostilities against the subjects, citizens, or property of any foreign prince or state, or of any colony, district, or people with whom the United States are at peace." The libel charges that the Mary N. Hogan, on or about the fifteenth of July, 1883, was furnished, fitted out, or armed within this district, with the intent that she should be employed in the service of certain rebels in the island of Hayti, to cruise or commit hostilities against the subjects, citizens, or property of the island of Hayti, with which the United States are at peace.

By section 4189, also, every vessel is made liable to forfeiture whose certificate of registry "is knowingly and fraudulently obtained;" and the libel charges that John H. McCarthy, on or about the fifteenth day of July, 1883, knowingly and fraudulently procured the registry of said vessel in his name as sole owner, upon oath that there was no subject or citizen of any foreign prince or state directly or indirectly interested in her, whereas, in fact, a foreign citizen was part owner.

The proceedings for the forfeiture of the vessel are proceedings in admiralty, and governed by the admiralty rules. The appointment of appraisers and the bonding of the vessel are claimed under rule 11 of the supreme court rules in admiralty, which provides that "where any ship shall be arrested, the same may, upon the application of the claimant, be delivered to him upon due appraisement to be had under the direction of the court, upon the claimant's depositing in court so much money as the court shall order, or upon his giving stipulation with sureties," etc.

In the great majority of cases suits are brought, and the arrest of the vessel is made, for the purpose only of securing payment of some pecuniary demand. In such cases the object of the suit will be fully secured by permitting a good bond, with sureties, to be substituted as security in place of the vessel during the pendency of the litigation; and thereby not only is the great expense of keeping the vessel in custody for a considerable period avoided, but the vessel is also allowed in the mean time to be engaged in the pursuits of commerce. Rule 11 is clearly designed for this purpose. It is not in form imperative in all cases of the arrest of vessels, but provides only that the vessel "may" be delivered, etc.; thus leaving to the court a discretion which may be rightly exercised under peculiar circumstances; and, as it seems to me, the rule clearly should not be applied in those cases where the object of the suit is not the enforcement of any money demand, nor to secure any payment of damages, but to take posses-

sion of and forfeit the vessel herself, in order to prevent her departure upon an unlawful expedition, in violation of the neutrality laws of the United States. Such, by the statements of the libel, appears to be the sole object of this suit; and to permit the vessel, as soon as arrested, to be bonded by the very persons alleged to be engaged in this unlawful expedition, and bonded presumably for the purpose of immediately prosecuting it, would be to facilitate in the most direct manner the unlawful expedition, and would practically defeat the whole object of the suit, and render the government powerless by legal proceedings to prevent the violation of its international obligations.

No section of the statutes other than section 5283 fully meets the circumstances of this case. That section is rightly invoked to enable the government to preserve itself from large possible liabilities through a violation of its treaty obligations to Hayti. It is clearly not the intention of section 5283, in imposing a forfeiture, to accept the value of the vessel as the price of a hostile expedition against a friendly power, which might entail a hundred-fold greater liabilities on the part of the government. No unnecessary interpretation of the rules should be adopted which would permit that result; and yet such might be the result, and even the expected result, of a release of the vessel on bond. The plain intent of section 5283 is effectually to prevent any such expedition altogether, through the seizure and forfeiture of the vessel herself. The government is, therefore, entitled to retain her in custody, and rule 11 cannot be properly applied to such a case.

Upon the papers submitted it appears that the proceedings are promoted at the instance of responsible officers of the Haytian government; and there is no evidence before me tending to show that the proceedings are in bad faith, or malicious, or on insufficient *prima facie* grounds; and the application for appraisers for the purpose of bonding should, therefore, be denied.

As the vessel is in custody, either party, under the rules of the court, is entitled to an immediate trial. No term for the trial of calendar causes being in session at this time, upon the consent of the United States attorney, already given in open court, the claimant, upon filing his answer to the libel, may have an immediate order of reference to the clerk to take the testimony in the cause; and when completed the case may be submitted, and will be at once disposed of.