## THE THREE FRIENDS.

### UNITED STATES v. THE THREE FRIENDS.

(District Court, S. D. Florida. January 18, 1897.)

ADMIRALTY PRACTICE—LIBEL OF FORFEITURE—RELEASE ON BOND.

A vessel libeled for forfeiture for violation of the neutrality laws may, in the court's discretion, be released on bond. And such release will be granted where the government is not ready for hearing, and there is no reason to suppose that the vessel will again violate the law.

This was a libel of forfeiture against the steam tug the Three Friends for alleged violation of the neutrality laws. The cause was heard on a motion by claimants for permission to give a release bond.

A. W. Cockrell, for claimant.

Frank Clark, U. S. Atty., and Cromwell Gibbons, Asst. U. S. Atty.

LOCKE, District Judge. The vessel being under attachment and in custody of the marshal under a libel for a violation of section 5283, Rev. St., the claimants move that they may be permitted to have an appraisement and give bonds so as to obtain possession of the vessel, pending the hearing of the cause. The district attorney opposes this motion, and cites in support of his opposition the case of The Mary N. Hogan, decided by Judge Brown of the Southern district of New York, and reported in 17 Fed. 813. It is also contended that, in case a vessel is libeled for a forfeiture, no bond can be accepted, and refers to section 941, Rev. St. The section referred to is only a limit upon the power of the marshal to stay admiralty process, and does not affect the action of the court. That the filing of a libel for forfeiture is such a declaration of a forfeiture that, without even a preliminary examination or prima facie showing, the claimant has no right to give a bond for his property pending a hearing, especially when the government declares itself not ready for a hearing, is so repugnant to any idea of the rights of private property, and so declaratory of arbitrary confiscation, that, were it an open question, it could not be entertained. But it has been carefully considered and determined. Justice Story, in the case of The Alligator, 1 Gall. 145, Fed. Cas. No. 248, which was a libel for forfeiture, in which case it was contended that the court had no authority to deliver the property on bond in a case of this nature, says:

"I understand that in all proper cases of seizure under whatever statute made, the invariable practice in the district court has been to take bonds for the property whenever application has been made by the claimant for this purpose. No doubt has hitherto existed respecting the right of that court to take such bonds. * * * That practice, I understand, has been recognized and sanctioned by my predecessors in this court, and I should not now feel at liberty to disturb upon slight grounds a practice so well settled, whatever might be my own impressions as to its regularity. The practice has been of great public convenience, and to claimants in particular it has been peculiarly beneficial. * * * Whether there be any statute existing which authorized the delivery on bond or not is not, in my judgment, material. The cause was a civil cause of admiralty and maritime

jurisdiction, and nothing can be better settled than that the admiralty may take fide-jussory caution or stipulation in cases in rem, and may in a summary manner award judgment and execution thereon. The district court possesses this jurisdiction, and, being fully authorized to adopt the process and mode of proceeding of the admiralty, * * * had an undoubted right to deliver the property on bail, and to enforce a conformity to the terms of the bailment."

This, I consider, is the well-established law upon the subject, and I have failed to find any case where it has been questioned. In the case of The Mary N. Hogan this general law was not questioned, but it was held to be within the discretion of the court to grant or deny a release on bond, according to the circumstances of the case, and, while I concur fully in the views of the learned judge in that case, I consider that the circumstances of this case differ so materially that a different conclusion may well be reached. In that case the seizure was made immediately after the fitting out, and while preparing to leave; and when the motion was heard she was fully prepared to proceed on her alleged illegal voyage, and all circumstances pointed clearly to the conclusion that, if released, she would so proceed. In this case the libel charges a past offense several months prior to the seizure, and there is nothing to show, nor is there any intimation, but that at the time of seizure she was engaged in the legitimate prosecution of her regular business of towing on the St. Johns river. The case of The Mary N. Hogan at the time of that decision was ready for a hearing and immediate determination; in this case exceptions to the libel have been filed, raising important questions of law, in which the government is not ready for argument, and the consideration of which may cause more or less delay in the trial. There is no suggestion, intimation, or reason to believe that, if released on bond, this vessel would attempt any violation of law. Under the circumstances it is considered that the case does not present such unusual features as to call for an exceptional ruling upon the question of admitting to bail, and it is ordered that, upon an appraisement being had, said claimants be permitted to enter in bond and stipulation as by law provided for the release of vessels under attachment.