## THE LORRAINE RITA.

(District Court, E. D. Pennsylvania. May 21, 1925.)

No. 29 of 1925.

Admiralty ⬤⟲57—Vessel seized for forfeiture held not subject to release to claimant on bond.

Under Rev. St. § 941 (Comp. St. § 1567), and notwithstanding section 938 (Comp. St. § 1564), and admiralty rule 12, vessel seized by the United States for forfeiture under sections 4337, 4377 (Comp. St. §§ 8086, 8132), and Tariff Act 1922, § 453 (Comp. St. Ann. Supp. 1923, § 5841e22), for transporting intoxicating liquors on high seas in violation of her license, was not subject to release to claimant on bond.

In Admiralty. Libel by the United States for forfeiture of the steam tug Lorraine Rita. On petition and order to show cause why

vessel should not be released to claimant on bond. Denied.

George W. Coles, U. S. Atty., and Joseph L. Kun, Asst. U. S. Atty., both of Philadelphia, Pa., for the United States.

Golder & Felger and Howard M. Long, all of Philadelphia, Pa., for respondent.

THOMPSON, District Judge. Upon the libel of the United States, the Lorraine Rita was seized upon the high seas while engaged in transporting intoxicating liquor. It is charged that she is subject to seizure and forfeiture under section 4337, R. S. (Comp. St. § 8086), in that, being an American documented vessel, she proceeded on a foreign voyage without first giving up her enrollment and license to the collector of the Port of New York, where she was enrolled and licensed, and without being registered by the collector of any port to proceed on such voyage; that she is subject to seizure and forfeiture under section 4377, R. S. (section 8132), in that she was employed in transporting intoxicating liquor on the high seas in violation of her license, which was limited to carrying on the coasting trade, and under her permit was entitled only to trade in waters of the Atlantic coast and tributaries; that she is subject to seizure and forfeiture under section 453 of the Tariff Act of 1922, 42 Stat. at L. 955 (Comp. St. Ann. Supp. 1923, § 5841e22), by reason of the fact that the intoxicating liquor was merchandise laden on the vessel without a special license or permit therefor issued by the collector. Section 401 (c), being Comp. St. § 5841d, in its description of merchandise, includes merchandise the importattion of which is prohibited.

It is contended on behalf of the claimant that, under section 938, R. S. (Comp. St. § 1564), and admiralty rule 12, the court has no power or discretion to refuse release of the vessel upon bond upon proper appraisement. On behalf of the government, it is contended that, under section 941, R. S. (section 1567), providing for a stay of execution of process, and discharge of the property arrested by the marshal, on receiving from the claimant a bond in cases of seizure "except the cases of seizures for forfeiture under any law of the United States," the vessel may not be released on bond because, under sections 4337 and 4377, R. S.,

and section 453 of the Tariff Act of 1922, the right of forfeiture is against the vessel itself, and its value cannot be substituted by bond or otherwise in its place.

Judge Morton of the District of Massachusetts, in The Frances Louise (D. C.) 1 F. (2d) 1006, ruled in accordance with the present contention of the government, holding that, in view of the language of section 941, R. S., it is doubtful whether the court has power to release on bond, following the cases of The Three Friends, 166 U. S. 1, 17 S. Ct. 495, 41 L. Ed. 897, and The Mary N. Hogan (D. C.) 17. F. 813. The claimant, however, relies upon the mandatory language of admiralty rule 12, differentiating it from the permissive language of former admiralty rule 11, which was in effect when the above cases were decided. In The Three Friends, at page 67 (17 S. Ct. 503), Mr. Chief Justice Fuller refers to the authority of the Supreme Court to prescribe rules of practice in admiralty as based upon section 917, R. S. (Comp. St. § 1543), quoting its language "in any manner not inconsistent with, any law of the United States," and at page 68, 17 S. Ct. 504, says, after discussing the practice of taking bonds in cases of seizure:

"But in section 941 of the Revised Statutes the exception was introduced of 'cases of seizure for forfeiture under any law of the United States.' And it seems obvious that the release on bond of a vessel charged with liability to forfeiture under section 5283, before answer or hearing, and against the objection of the United States, could not have been contemplated."

As section 941 is still in force as it was when The Three Friends and The Mary N. Hogan were decided, I think it must be assumed that the Supreme Court did not intend, in adopting present rule 12 in admiralty, to extend the right to obtain release on bond to a case such as is here presented within the exception of section 941, R. S. I am therefore constrained to agree with Judge Morton's conclusion in The Frances Louise.

I have been referred by the proctors for the claimant to some unreported cases where it is claimed the contrary has been held. I am not, however, inclined to agree with the conclusions which it is contended on behalf of the claimant should be drawn from these decisions.

Motion denied.