### THE CALIFORNIA.

(District Court, E. D. New York. March 22, 1926.)

Admiralty ⟨⟩57—Statutes relating to bonding of vessel seized for violation of revenue and prohibition acts are mandatory, irrespective of prior seizures (Rev. St. § 938 [Comp. St. § 1564]; admiralty rule 12; Rev. St. §§ 3450, 4337, 4338, 4377 [Comp. St. §§ 6352, 8086, 8087, 8132]; Tariff Act 1922, § 593 [Comp. St. Ann. Supp. 1923, §§ 5841h–12, 5841h–13]; National Prohibition Act, tit. 2, §§ 3, 26 [Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½mm]).

Rev. St. § 938 (Comp. St. § 1564), and admiralty rule 12 are mandatory, and require court to permit owner to have vessel seized for violations of Rev. St. §§ 3450, 4337, 4338, 4377 (Comp. St. §§ 6352, 8086, 8087, 8132), Tariff Act 1922, § 593 (Comp. St. Ann. Supp. 1923, §§ 5841h–12, 5841h–13) and National Prohibition Act, tit. 2, §§ 3, 26 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½mm), released on filing of bond, irrespective of number of times that vessel has been seized.

In Admiralty. Libel by the United States against the gas screw vessel California, her tackle, apparel, furniture, papers, and engines. On motion of the owner for an order releasing the vessel on filing of a bond. Motion granted.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y.

Louis Halle, of New York City, for claimant.

MOSCOWITZ, District Judge. This is a motion made by the owner for an order releasing the vessel California upon the filing of a bond. The offenses alleged to have been committed by the said vessel are violations of sections 3450, 4337, 4338, 4377 of the Revised Statutes of the United States (Comp. St. §§ 6352, 8086, 8087, 8132), section 593 of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, §§ 5841h–12, 5841h–13), and sections 3 and 26 of title 2 of the Act of Congress approved October 28, 1919 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½mm), commonly known as the National Prohibition Act.

The government contends that the court may not release the vessel because of a prior seizure in the district of Connecticut, in which proceeding the vessel had been bonded. The sole question for determination is the effect of the prior seizure.

The provisions of the law relating to bonding are section 938 of the Revised Statutes (Comp. St. § 1564) and rule 12, Admiralty Rules. If this were a motion addressed to the discretion of the court, the motion would be denied, as there is no doubt that in many instances these so-called rum-running boats, after having been bonded, are used to ply the illicit trade of transporting liquor. The law makes it mandatory to permit the owner to have the vessel released upon the filing of the bond, without reference to the number of times that the boat has been seized. My associate, Judge Campbell, in the case of United States v. The Motor Boat K13458,[1] has written a very able opin-

---

[1] Campbell, District Judge. This is a motion for the return of a motorboat on giving a bond. The right of the government to join two or more separate causes of forfeiture in one libel cannot be questioned. The claimant cannot be heard to question the sufficiency of the libel on this motion.

There is but one question submitted, and that is the right of the claimant to demand a return of the boat on giving a bond, because, if the decision of this motion rested in discretion, I would deny the same. The question presented here was decided by me on April 28, 1924, in case of United States of America v. One 3½-Ton Sterling Motor Truck, Albert Mercier, and Frank Liebel, and other cases, and nothing has been shown to me which leads me to believe that that decision is not applicable to the instant case.

The boat in the instant case was seized primarily because of an alleged violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) and, as I held in my former opinion, the joining of a cause of action

ion, dated May 31, 1924, upon this subject. He said:

"The United States attorney again calls attention to the fact that the boats, if returned on giving bonds, may again be used for an illegal purpose, and this would also be true if they were sold under a decree in an action of forfeiture. But, as this court has repeatedly said, it is not the province of the courts to make laws, and, however important the United States attorney may believe it to be to retain possession of the boat in the instant case, that right must be obtained through the action of Congress, and cannot under the existing laws be given by the courts."

Motion to return the boat upon giving a bond is granted.

Settle order on notice.

---

under section 3450 of the Revised Statutes (Comp. St. § 6352) did not deprive the claimant of the right to bond under section 26 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm) and I do not see any reason in law why that right should be taken away by the joining of additional alleged causes of forfeiture, especially in view of the fact that under such causes the boat might be returned on giving a bond without recourse to section 26 of the National Prohibition Act.

The United States attorney again calls attention to the fact that the boats, if returned on giving bonds, may again be used for an illegal purpose, and this would also be true if they were sold under a decree in an action of forfeiture. But, as this court has repeatedly said, it is not the province of the courts to make laws, and, however important the United States attorney may believe it to be to retain possession of the boat in the instant case, that right must be obtained through the action of Congress, and cannot under the existing laws be given by the courts.

The motion to return the boat on giving a bond is granted as a matter of law, and not in the exercise of discretion; the amount of bond to be determined by the proper officer.

