UNITED STATES v. ONE CHEVROLET ROADSTER AUTOMOBILE, etc., et al. (ASHBY CHEVROLET CO., Claimant).

SAME v. ONE FORD COUPÉ AUTOMOBILE, etc., et al. (ABERDEEN MOTORS, Inc., Claimant).

(District Court, W. D. Washington, S. D. July 10, 1926.)

Nos. 5301, 5430.

Internal revenue ⬥⟳46.

Under Rev. St. §§ 934, 941, 3229 (Comp. St. §§ 1560, 1567, 5952), and Act March 3, 1925, §§ 1, 2 (Comp. St. Supp. 1925, §§ 5841h34a, 5841h34aa), automobile seized for violation of Rev. St. § 3450 (Comp. St. § 6352), will not be released on bond pending trial for its forfeiture.

At Law. Separate libels by the United States against one Chevrolet roadster automobile, engine No. 1849314, Washington license No. 270321, and tools and accessories, and A. M. Koskela and another, with the Ashby Chevrolet Company as claimant, and against one Ford coupé automobile, motor No. 1289045, temporary Washington license No. 10687, and tools and accessories, and Edna Shively, with the Aberdeen Motors, Inc., as claimant. On petitions by claimants for release of automobiles on bond. Petitions denied.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and Carroll A. Gordon, Asst. U. S. Atty., of Tacoma, Wash.

Grinstead, Laube & Laughlin and R. John Lichty, all of Seattle, Wash., for claimants.

CUSHMAN, District Judge. In each of these cases an automobile was seized for a violation of section 3450, R. S. (Comp. St. § 6352), and a libel for its forfeiture filed in this court, upon which the trial has not yet been had. Claimant in each case petitions for its release upon a bond to be substituted for the automobile. The petition for the release alleges the amount of an appraisal by the collector, and avers the willingness of the collector that the release be had upon the posting of a bond in the appraised value.

Section 3229, R. S. (Comp. St. § 5952), provides:

"The Commissioner of Internal Revenue, with the advice and consent of the Secretary of the Treasury, may compromise any civil or criminal case arising under the internal revenue laws instead of commencing suit thereon; and, with the advice and consent of the said Secretary and the recommendation of the Attorney General, he may compromise any such case after a suit thereon has been

commenced. Whenever a compromise is made in any case there shall be placed on file in the office of the Commissioner the opinion of the Solicitor of Internal Revenue, or of the officer acting as such, with his reasons therefor, with a statement of the amount of tax assessed, the amount of additional tax or penalty imposed by law in consequence of the neglect or delinquency of the person against whom the tax is assessed, and the amount actually paid in accordance with the terms of the compromise."

This section contemplates a compromise, after suit begun, by the Secretary, the Commissioner, and Attorney General as representatives of the United States. If the automobile is, without the authority of these officers, released by the court upon a bond, the unhampered exercise of this discretion in any compromise initiated after such release is no longer possible.

Section 941, R. S. (Comp. St. § 1567), authorizes the taking of a delivery bond in double the amount claimed in suits in rem "except in cases of seizure for forfeiture under any law of the United States."

Section 934, R. S. (Comp. St. § 1560), provides that all property taken under authority of any revenue law of the United States shall be irrepleviable, "and shall be deemed to be in the custody of the law, and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

The quoted portion of this section may have been inserted to make more clear the denial of jurisdiction to state courts, rather than to impliedly authorize the release by a United States court upon bond of property seized as an offending thing, under the internal revenue laws. The Three Friends, 166 U. S. 1, at pages 66 to 68, 17 S. Ct. 495, 41 L. Ed. 897, reversing United States v. The Three Friends (D. C.) 78 F. 173; The Mary N. Hogan, etc. (D. C.) 17 F. 813; The Lorraine Rita (D. C.) 6 F.(2d) 175; The Frances Louise (D. C.) 1 F.(2d) 1006.

Sections 1 and 2 of the Act of March 3, 1925 (Comp. St. Supp. 1925, §§ 5841h34a and 5841h34aa), provide:

"Sec. 5841h34a. Hereafter any vessel or vehicles summarily forfeited to the United States for violation of the customs laws, may, in the discretion of the Secretary of the Treasury, under such regulations as he may prescribe, be taken and used for the enforcement of the customs laws or the National Prohibition Act, in lieu of the sale thereof under existing law."

"Sec. 5841h34aa. Upon application

therefor by the Secretary of the Treasury, any vessel or vehicle forfeited to the United States by a decree of any court for violation of the customs laws or the National Prohibition Act may be ordered by the court to be delivered to the Treasury Department for use in the enforcement of the customs laws or the National Prohibition Act, in lieu of the sale thereof under existing law."

While the use by the Treasury Department of forfeited vessels and vehicles is by these sections restricted to forfeitures under the customs laws and the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), yet they make more clear the propriety of requiring the approval of the Secretary of the Treasury, as well as the Department of Justice, in any release upon bond of vessels or vehicles which are held for forfeiture under process of the court.

The petitions are denied.