## THE K–13418.

(District Court, S. D. Florida. September 8, 1926.)

No. 2571.

1. Admiralty ⊜57.

Release of a vessel libeled for forfeiture to claimant under bond is within the sound discretion of the court.

2. Admiralty ⊜57—Vessel under arrest for a second violation of law will not be released under bond (Rev. St. § 4377 [Comp. St. § 8132]).

Rev. St. § 4377 (Comp. St. § 8132), providing for forfeiture of a vessel employed in a trade other than that for which she was licensed, has for its object prevention of use of the vessel in violation of law, and a vessel arrested a second time for violation of the provision will not be released under bond.

In Admiralty. Libel of forfeiture by the United States against motor vessel K–13418; Harold E. Jensen, claimant. On motion of claimant for appraisal and release of vessel on bond. Denied.

Louis S. Joel, Asst. U. S. Atty., of Jacksonville, Fla., for the United States.

Hooks & Lohmeyer, of Miami, Fla., for claimant.

JONES, District Judge. On July 31, 1926, the United States filed its libel against the motor vessel K–13418, seeking forfeiture of said vessel, her tacking apparel, furniture, papers, engines, and fixtures for "breach of the provisions of section 4377, Revised Statutes of the United States (section 593 of the

Tariff Act of 1922, tit. II, of the National Prohibition Act)," and monition and attachment duly issued and the boat was taken into custody by the marshal. On August 14th, exceptions to the libel were filed by one Harold E. Jensen as claimant and owner of the vessel, who on August 16, 1926, filed a formal claim of ownership.

The cause comes on to be heard upon motion of the claimant for appraisal of the vessel and an order releasing same on bond.

To the granting of this motion and the release of the vessel on bond, the libelant, the United States, objects.

[1] There can be no doubt that the question of the release of a vessel to the claimant under bond is within the sound discretion of the court. The Mary N. Hogan (D. C.) 17 F. 813; The Three Friends, 166 U. S. 1, 17 S. Ct. 495, 41 L. Ed. 897.

[2] The Supreme Court of the United States in the latter case, in referring to the case of The Mary N. Hogan, supra, quotes, with approval, the holding of the court in that case, to the effect that the rule authorizing the release of vessels on bond should not be applied where the object of the suit was, "not the enforcement of any money demand, nor to secure any payment of damages, but to take possession of and forfeit the vessel herself in order to prevent her departure upon an unlawful expedition in violation of the neutrality laws of the United States. It is clearly not the intention of Section 5283 [the section involved in the case of The Mary N. Hogan] in imposing a forfeiture, to accept the value of the vessel as the price of a hostile expedition against a friendly power, which might entail a hundred fold greater liabilities on the part of the government. No unnecessary interpretation of the rules should be adopted which will permit that result; and yet such might be the result, and even the expected result, of a release of the vessel on bond."

Section 4377, Revised Statutes (Comp. St. § 8132), under which section the instant libel is brought, is very similar in its provisions to section 5283, Revised Statutes, referred to in The Mary N. Hogan Case, supra, as it provides for the forfeiture of the vessel for violation of the customs laws and the forfeiture is for the purpose of preventing further such violations.

The records of this court, case No. 2204, in admiralty, being the case of the United States of America v. Motor Vessel K–13418, the same vessel involved in this proceeding, show (and this court will take judicial notice of its own records) that this same vessel was,

at the instance of the United States, libeled under date of October 2, 1925, for a violation of the Tariff Act of 1922 (42 Stat. 858), title 2 of the National Prohibition Act (Comp. St. § 10138½ et seq.), and section 4377, Revised Statutes of the United States, the same sections covered in the instant libel; that a similar motion to that under consideration now was made by this same claimant in that case, and the vessel, under date of February 8, 1926, was ordered appraised and released to this claimant, and the records in the instant case show that the actions herein complained of were committed within a very short period after said release.

It is clear to my mind the object of section 4377 in providing for a forfeiture of the vessel has for its object the prevention of the use of said vessel in violation of the law.

I am fully convinced from the facts in this case that this vessel should not be released over the objection of the United States, libelant. The Frances Louise (D. C.) 1 F. (2d) 1006.

The motion for appraisal of this vessel and the release of same to the claimant on bond will therefore be denied.