## THE GANDER.
### No. 3387.

District Court, D. Connecticut.
May 9, 1930.

The United States Attorney, of Hartford, Conn.

Louis Halle, of New York City, and Slade, Slade & Slade, of New Haven, Conn., for defendant.

BURROWS, District Judge.

Motion is made by the claimant for release of the Gander upon giving a bond, as provided in section 938, Rev. St. (28 USCA § 751). The district attorney enters an objection on the ground that the court has no jurisdiction to release on bond by virtue of section 941, Rev. St., as amended by Act March 3, 1899 (28 USCA § 754).

Upon examination of the court records in cases of this character, where boats were released on bond, I find that they were libeled for violation of both the Tariff Act and the National Prohibition Act (27 USCA).

In the Eastern District of New York, in the case of The California, 12 F.(2d) 270, Judge Moscowitz held that, under section 938 and rule 12 of the Admiralty Rules (28 USCA § 723), the release was mandatory, and stated that "the provisions of the law relating to bonding are section 938 of the Revised Statutes (Comp. St. § 1564) and rule 12, Admiralty Rules," apparently giving no consideration to section 941. Apparently this section was not urged; neither do I find that it was mentioned in the cases before this court. No decision of the Circuit Court for this circuit has been presented, and, under these circumstances, I do not feel bound to follow the California Case. While counsel for the claimant has mentioned cases in the Southern District of New York, it does not appear whether they fall under section 938 or section 941. In the case of The Frances Louise, 1 F.(2d) 1006, Judge Morton of the District Court of Massachusetts held that, in view of the language of section 941 of the statutes, it is doubtful whether the court has power to release on bond a vessel or property seized in proceedings of this character, in view of the explicit intimation of the Supreme Court in The Three Friends, 166 U. S. 1, at page 68, 17 S. Ct. 495, 41 L. Ed. 897, and of the decision of Judge Brown in The Mary N. Hogan (D. C.) 17 F. 813, and especially where there was an objection by the government, and denied the motion to release on bond.

The opinion expressed by Judge Morton coincides with my own view of section 941, that, in cases of seizure for forfeiture, no release on bond should be allowed against objection by the United States.

Motion, therefore, is denied.