## UNITED STATES v. ONE CHEVROLET AUTOMOBILE.

(District Court, M. D. Tennessee, Nashville Division. April 10, 1920.)

No. 1295.

**Internal revenue ☞46—Court can release on bond property libeled for forfeiture.**

> Though Rev. St. § 931 (Comp. St. § 1557), authorizing delivery on bond of attached property, relates only to property seized in certain postal suits, the District Court can, under section 934 (section 1560), prohibiting replevy of property seized by United States revenue officers and making such property subject to the order of the United States courts, and their inherent power, release property seized for being used to transport liquor on which the tax had not been paid, on condition that the claimant give bond similar to that required by the practice in admiralty libels in rem.

Libel of information by the United States for condemnation and forfeiture of an automobile alleged to have been used, while driven by one Green, in the removal and concealment of spirituous liquors, on which the tax had not been paid, in violation of R. S. § 3450 (Comp. St. § 6352). The automobile having been seized by the marshal under a warrant of arrest, T. O. Tune, claiming to be its owner, filed a petition for its release and delivery to him upon executing proper bond. Petition granted.

Lee Douglas, U. S. Atty., and B. H. Littleton, Asst. U. S. Atty., both of Nashville, Tenn.

A. M. Tillman and J. C. R. McCall, both of Nashville, Tenn., for claimant.

SANFORD, District Judge. While section 934 of the Revised Statutes (Comp. St. § 1560) provides that property taken or detained by an officer under authority of a revenue law shall be irrepleviable in his hands, it specifically declares that such property shall be subject to the orders and decrees of the Federal courts. On the other hand, section 931 of the Revised Statutes (Comp. St. § 1557) merely relates to the release on bond of property attached in certain postal suits. It is, however, one of the inherent powers of the court, established upon motives of public convenience, to allow a claimant of seized property to substitute an equivalent security in place of the res. Place v. City of Norwich, 1 Ben. 89, 19 Fed. Cas. 792, 796. In this case Benedict, District Judge, said:

> "This power is daily exercised in actions in rem, because 'a ship is made to plow the sea, and not to rot by the wharf'—because serious damage to her owners is caused by her detention without benefit, and expenses are thereby increased—all which may be obviated without injury to the rights of creditors by a delivery on bail. Ben. Adm. p. 246."

Specific provision for the exercise of this inherent power is made in Admiralty Rule 11 (29 Sup. Ct. xl); and its existence in admiralty causes and cases of seizure (in which jurisdiction depends upon a prior seizure of the property) is recognized in section 940 of the Revised

Statutes (Comp. St. § 1566). And see Rev. Stat. § 941 (Comp. St. § 1567). I am of opinion that this power likewise exists in the court under other libels in rem for the condemnation and forfeiture of property. This practice is recognized in Pagin's Federal Precedents, Form No. 741, p. 493. It is a useful and just practice; avoiding not only unnecessary injury to the owner of the property but also unnecessary expense ·in the custody of the property while the litigation is pending. I am of opinion that it should be followed in the instant case.

As it appears that the value of this automobile has been appraised at $600.00, an order will be entered directing the delivery of the automobile by the Marshal to the claimant T. O. Tune, upon his giving a claimant's delivery bond in that sum, in manner and form as set forth in Pagin's Federal Precedents, sup., with surety to be approved by the clerk of the court.