## THE LYNX II.

(District Court, S. D. New York. April 14, 1926.)

1. Customs duties ⚖➝126—Vessel seized under customs laws releasable on bond (Comp. St. §§ 1564, 1567).

A vessel seized "under any law respecting the revenue from imports or tonnage or the registering and recording, or the enrolling or licensing of vessels," on application to the court, is releasable on bond, under Rev. St. § 938 (Comp. St. § 1564); the exception in section 941 (Comp. St. § 1567) of vessels "seized for forfeiture" being limited to release on bond by the marshal as therein provided.

2. Admiralty ⚖➝57—Vessel seized for violation of internal revenue law may be released on bond (Comp. St. §§ 5841h6, 5841h12–5841h14, 6352, 8086, 8132).

A vessel seized, under Rev. St. §§ 3450, 4337, 4377 (Comp. St. §§ 6352, 8086, 8132) and Tariff Act 1922, §§ 587, 593(a)–594 (Comp. St. §§ 5841h6, 5841h12–5841h14), for transporting merchandise with intent to defraud the revenue may be released on bond under the general practice in admiralty covered by Admiralty Rule 12.

3. Admiralty ⚖➝57.

Release on bond of vessel seized for violation of National Prohibtion Act, tit. 2, § 26, is mandatory (Comp. St. § 10138½mm).

In Admiralty. Suit by the United States against the motorboat Lynx II. On application of claimant for release of boat on bond. Granted.

Emory R. Buckner, U. S. Atty., of New York City (James A. Farmer, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Louis Halle, of New York City, for claimant.

AUGUSTUS N. HAND, District Judge. This is an application by the owner of the motorboat Lynx II, libelled for violation of Rev. Stat. U. S. §§ 3450, 4337, and 4377 (Comp. St. §§ 6352, 8086, 8132), as well as the National Prohibition Act (Comp. St. § 10138¼ et seq.), and sections 587, 593 (a), and 593 (b), and section 594 of the Tariff Act of 1922 (Comp. St. §§ 5841h6, 5841h12–5841h14), to release her on bond.

[1] Section 938 of the Revised Statutes (Comp. St. § 1564) provides for bonding in cases where a vessel is seized "under any law respecting the revenue from imports or tonnage, or the registering and recording, or the enrolling and licensing of vessels." Rev. Stat. § 941 (Comp. St. § 1567), which excepts "cases of seizure for forfeiture under any law of the United States," evidently is limited to filing a bond with the marshal in cases of suits for penalties in double the amount claimed where no forfeiture is sought.

[2] I cannot see how the exception of "seizure for forfeiture" in section 941 can be regarded as excluding all cases of forfeiture from the provisions for bonding in section 938. Such a construction makes an exception in one statute equivalent to affirmative legislation against the release of a vessel in cases generally covered by the language of another. Moreover it derogates by implication from the general practice of courts of admiralty in cases covered by the broad terms of a rule laid down by the Supreme Court.

[3] The fact that section 26 of title 2 of the National Prohibition Act (Comp. St. § 10138½mm), makes bonding mandatory, and that vessels have long been released on bond in this and the Eastern district, when seized for violation of the revenue laws, is an additional reason for adhering to the settled practice.

The dictum in The Three Friends, 166 U. S. at page 68, 17 S. Ct. 495, 41 L. Ed. 897, involved a filibustering statute with special considerations of public policy, and that decision, as well as that of Judge Brown in The Mary N. Hogan (D. C.) 17 F. 813, was made when the admiralty rule did not, as the present rule 12, contain mandatory language.

The motion is granted.