**UNITED STATES v. ONE DODGE COUPÉ.**

(District Court, S. D. New York. January 29, 1927.)

I. Internal revenue ⬦═══46—Court can release on bond, pending trial, automobile seized on land and libeled for forfeiture under internal revenue laws (Comp. St. §§ 1560, 1564, 1567, 6352).

In proceedings for forfeiture under Rev. St. § 3450 (Comp. St. § 6352), of automobile seized on land while used for transporting liquor with intent to defraud government of internal revenue taxes thereon, the court has power to release the automobile on bond, pending trial.

2. Internal revenue ⬦═══46—Automobile should be released to owner on bond pending trial, having been seized for violation of internal revenue laws by borrowing friend.

It would be an abuse of discretion to deny motion of owner to release on bond, pending trial, automobile seized and libeled for forfeiture for violation of internal revenue laws; it having been loaned to a friend for whose illegal acts it was seized.

Proceeding for forfeiture of one Dodge coupé, license No. 5K4268, N. Y., motor No. A–490–250, serial No. A–418221. Heard on motion of intervening owner and claimant for release on bond. Motion granted.

Libel of information by the United States for condemnation and forfeiture of an automobile under the provisions of R. S. § 3450 (Comp. St. § 6352); it being alleged that certain distilled spirits were removed, deposited,

and concealed in the automobile with intent to defraud the United States of taxes imposed thereon. The owner has intervened and filed his claim, and now moves for the release of the automobile pending trial of the cause of forfeiture. No offer of bail is made in the moving papers, but upon the argument and in the briefs counsel have treated the application as one for the release of the car upon giving bond for its value.

Emory R. Buckner, U. S. Atty., of New York City (C. D. Williams, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Abraham I. Menin, of New York City, for respondent.

THACHER, District Judge. [1] The power of the court to grant the motion is questioned. It may, I think, be conceded, as the government contends, that power is not expressly given by any statute. The automobile was seized on land, and the proceeding is at common law. The Sarah, 8 Wheat. 391, 5 L. Ed. 644. The admiralty rules, therefore, have no application. Nor is the case touched by section 941 of the Revised Statutes (Comp. St. § 1567), which relates only to proceedings in admiralty, nor by section 938, R. S. (Comp. St. § 1564), which applies only to proceedings for forfeiture under laws respecting the revenue from imports or tonnage, or the registering and recording, or enrolling and licensing, of vessels. The power to release upon bond property seized on land and libeled for forfeiture under the internal revenue laws, if it exists, must be inherent, or perhaps implied from the general terms of section 934, R. S. (Comp. St. § 1560), which declares that property seized under any revenue law "shall be subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

From the fact that the proceeding is not in admiralty, it follows that such decisions as The Three Friends, 166 U. S. 1, 17 S. Ct. 495, 41 L. Ed. 897, The Mary N. Hogan (D. C.) 17 F. 813, The Frances Louise (D. C.) 1 F.(2d) 1006, The Lorraine Rita (D. C.) 6 F.(2d) 175, The Lynx II (D. C.) 14 F.(2d) 697, and other cases relating to the release of vessels seized under admiralty process, are not in point. If they were, I should, of course, follow the very recent decision of this court in the Lynx II, supra, and grant the motion. As early as 1866, Judge Benedict, in a very carefully considered opinion, in which Justice Nelson, the presiding justice of this circuit, concurred, concluded that the power was inherent, and exercised it in the absence of statutory authority. U. S. v. Three Hundred Barrels of Alcohol, Fed. Cas. No. 16,509. The point was decided in the same way by Sanford, D. J., now a Justice of the Supreme Court, in U. S. v. One Chevrolet Automobile (D. C.) 267 F. 1021. Other decisions to the same effect will be found in U. S. v. Two Tons of Coal, Fed. Cas. No. 16,590, and U. S. v. Lot of Leaf Tobacco, Fed. Cas. No. 15,627.

The District Court for the Western District of Washington has recently denied the power in a cause of forfeiture under R. S. § 3450. U. S. v. One Chevrolet Roadster (D. C.) 13 F.(2d) 948. See, also, the decision of the same court in U. S. v. One Reo Speed Wagon (D. C.) 4 F.(2d) 284. But the weight of authority seems to sustain the power and its exercise in proper cases. As Justice Sanford said, in U. S. v. One Chevrolet Automobile, supra: "It is a useful and just practice; avoiding not only unnecessary injury to the owner of the property but also unnecessary expense in the custody of the property while the litigation is pending."

[2] In this case there is every reason why the court's discretion should be exercised in favor of the owner, who, it appears, loaned his automobile to a friend in whose possession it was seized because of the friend's alleged illegal acts. The proceeding has apparently been brought under section 3450 of the Revised Statutes to defeat reclamation by an innocent owner under section 26, tit. 2, of the National Prohibition Act (Comp. St. § 10138½mm). U. S. v. One Ford Coupé, 47 S. Ct. 154, 71 L. Ed. ——, decided by the Supreme Court November 22, 1926. To release the automobile to the owner in such a case will not in any way prejudice the interests of the government. To deny the motion would be an abuse of discretion.

If the parties can agree on the value of the automobile, an order may be entered providing for its release upon filing a bond for its value; otherwise, the order may provide for the appointment of appraisers, and for the release of the automobile on filing a bond for the appraised value.