### In re JACKSON.

District Court, N. D. New York. November 29, 1929.

Hugh J. O'Brien, of Rochester, N. Y., for petitioner.

Oliver D. Burden, U. S. Atty, of Syracuse, N. Y. (B. Fitch Tompkins, Asst. U. S. Atty, of Syracuse, N. Y., of counsel), for the United States.

BRYANT, District Judge. This is an application by the owner for release on bond of a certain airplane described as Waco No. 10 Land Biplane, libeled (as the court understands) for violation of section 593(a) and 593(b) of the Tariff Act of 1922 (19 USCA §§ 496, 497). The alleged violations are the smuggling of foreign bottles and liquors from Canada to a place in or near Ogdensburg, N. Y., and the concealing thereof after such importation. The plane was thereafter seized for forfeiture and is now held by the United States Marshal awaiting the determination of the libel.

Section 401 of the Tariff Act of 1922 (19 USCA § 231) classifies the airplane in question as a "vehicle." Section 938 of the Revised Statutes (Comp. St. § 1564 [28 USCA § 751]) must be construed as providing for bonding in cases where "vehicles" as well as "vessels" are seized "under any law respecting the revenue from imports, etc." This is clearly shown by sections 3095–3097 of the Revised Statutes (repealed by the Tariff Act of 1922) and the text of the 1922 act.

The collector of customs contends that the court is without power to release the plane in the instant case because of the limitations contained in section 941 of the Revised Statutes (28 USCA § 754). I cannot interpret section 941 as a limitation in this case. My interpretation coincides with the law, as stated in The Lynx II (D. C.) 14 F.(2d) 697, rather than as stated in The Lorraine Rita (D. C.) 6 F.(2d) 175. The fact that vehicles have long been released on bonds in this district when seized for violation of the revenue laws is an additional reason for my interpretation.

The collector of customs takes the position that the court should refuse to release on bond any and all vessels and vehicles seized under circumstances similar to the alleged facts in this case, because of the probability that they will again be used in an attempt to violate the Revenue Laws of the United States. This contention might receive serious consideration if the court upon condemnation had authority to order destruction of the property. Section 939 of the Revised Statutes 28 USCA § 752) provides that this airplane, if not released under bond, must, upon condemnation, be sold at public auction. In view of this mandatory provision for final disposition, I am unable to follow the reasoning presented. Refusal to release under bond means that the government holds the seized property under expense for a period ranging from a few to several months and then sells it in a deteriorated condition. The result is that it receives less for the property and pays more expense connected therewith. If released on bond the United States, upon condemnation, receives full appraised value.

In this particular case the United States Marshal has no place to store or house the airplane in question. To allow this airplane to remain exposed to the rigors of a Northern winter is equivalent to saying that the court is seeking indirectly to do that which it cannot order to be done directly, that is, destroy the plane.

It has been the general practice of the District Courts in this district to release seizures (other than contraband and property needed as evidence) made by customs officers, upon the execution of proper bonds, either before or after the institution of forfeiture proceeding in court. The custom or practice of releasing on bond before commencement of forfeiture has been followed because of the congested conditions in this district. Conditions are such that it is often impossible to institute forfeiture proceedings promptly. The claimants were entitled to protection against delay, and this practice afforded the easiest relief. It is a mooted practice and one that I believe should be abolished or at least discouraged. Orderly practice requires the presence of the property within the jurisdiction of the court. This presence cannot be assured if property is released prior to institution of action. Such a condition might necessitate the starting of a different action. If after seizure the commencement of forfeiture proceedings is delayed, the claimant has other remedies as effective as bonding the property. This paragraph has no relevancy to the matter at issue. It is inserted for the information of attorneys who may apply to me in the future for release of vehicles under bond.

In the present matter the appraisers of the collector of customs have valued the airplane at $1,800. The claimant is willing to abide by this appraisal and I am satisfied with it. The plane in question is of American make and not subject to duty. Under the circumstances it would be a useless procedure to require a reappraisal and a certificate from the collector of exemption from duty.

The bond presented is approved, and the order releasing the property is granted.