**UNITED STATES v. ONE 1941 PLYMOUTH TUDOR SEDAN, MOTOR NO.**
PII-214976 et al.
No. 3192.

Circuit Court of Appeals, Tenth Circuit.

Jan. 9, 1946.

---

Robert E. Shelton, of Oklahoma City, Okl. (Charles E. Dierker, of Oklahoma City, Okl., on the brief), for appellant.

Claude I. Depew, of Wichita, Kan. (John W. Tyree, of Lawton, Okl., on the brief), for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circut Judges.

HUXMAN, Circuit Judge.

The United States government instituted a libel action in the United States District Court for the Western District of Oklahoma for the forfeiture of an automobile used in the transportation of narcotics, in violation of law. The appellee M & D Finance Company, a mortgagee, intervened. It sought mitigation of the forfeiture as to its interest in the car under its mortgage. The court entered judgment forfeiting the car to the government, but entered a further judgment remitting the forfeiture insofar as the finance company's interest was concerned. The government has appealed. The sole question presented is whether the court had jurisdiction to remit a forfeiture of an automobile used in violation of the narcotic laws.

■ An analysis of the statutes relating to forfeitures and the remission of forfeitures will be helpful in the solution of our problem. The action to forfeit this automobile arose under the internal revenue laws. 26 U.S.C.A. Int.Rev.Code, § 3726, 53 Stat. 460, provides that: "The provisions of law applicable to the remission or mitigation by the Secretary of forfeitures under the customs law shall apply to forfeitures incurred or alleged to have been incurred under the internal revenue laws." Title 19 U.S.C.A. § 1618, 46 Stat. 757, vests the sole and exclusive jurisdiction over remission or mitigation of forfeitures for violation of the United States customs laws in the Secretary of the Treasury. The District Court is without jurisdiction to remit such forfeitures. The Olympia, D.C., 58 F.2d 638. Until 1935 the District Court was without power to remit forfeitures in any case. In that year Congress passed 18 U.S.C.A. § 646, 49 Stat. 878, providing that whenever in any proceeding in court for the forfeiture under the internal revenue laws of any vehicle, etc., seized for the violation of the internal revenue laws relating to liquor, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture. This statute removed the power to remit forfeitures of vehicles used in transporting liquor in violation of the revenue laws from the jurisdiction of the Secretary of the Treasury and placed it exclusively in the District Court. The statute is clear that the jurisdiction of the District Court in the remission of forfeitures is limited to vehicles, etc., used in transporting liquor in violation of the revenue laws.

■ After the passage of 49 Stat. 878, the situation then was this: The Federal district court had exclusive jurisdiction to remit forfeitures for violation of the revenue laws in the transportation of liquor, but its power was limited exclusively to liquor violations, and power to remit all other forfeitures for violation of revenue laws was vested exclusively in the Secretary of the Treasury.

The theory of the court seems to have been that 49 U.S.C.A. § 781 et seq., 53 Stat. 1291, enlarged its jurisdiction and empowered it to grant remissions for violations of the internal revenue laws in cases other than liquor violations. The title to this Act is: "To provide for the seizure and forfeiture of vessels, vehicles, and aircraft used to transport narcotic drugs, firearms, and

counterfeit coins, obligations, securities, and paraphernalia, and for other purposes." Section 1 of the Act declares the articles enumerated in the title of the Act to be contraband, and makes their transportation unlawful. Section 2 provides for the seizure and forfeiture of any vehicle, etc., used in transporting them. Section 4 provides that "all provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of vessels and vehicles for violation of the customs laws; the disposition of such vessels and vehicles or the proceeds from the sale thereof; the remission or mitigation of such forfeitures, * * * shall apply to seizures and forfeitures incurred or alleged to have been incurred, under the provisions of this chapter, insofar as applicable and not inconsistent with thè provisions hereof." Section 6 provides that: "The provisions of this chapter shall be construed to be supplemental to, and not to impair in any way, existing provisions of law imposing fines, penalties, or forfeitures, or providing for the seizure, condemnation, or disposition of forfeited property or the proceeds thereof; or authorizing the remission or mitigation of fines, penalties, or forfeitures."

It is Section 6 upon which the court apparently relied to sustain its jurisdiction to entertain an application to grant a remission of the forfeiture in this case. It is somewhat difficult to follow the argument of appellee. It seizes upon the words "supplemental to" and argues that Section 6 is supplemental to 18 U.S.C.A. § 646. Section 6 is not supplemental to anything. It merely provides that the provisions of the Act of which it is a part are supplemental to all other acts imposing fines, penalties, forfeitures, and providing for the remission of forfeitures. The position of appellee apparently is that the provisions of this Act providing for forfeitures and remission of forfeitures are a supplement to the Act of 1935 and enlarge the powers of the District Court under that Act to include power to now remit forfeitures in narcotic law violations.

Such a construction would nullify the clear provisions of Section 4 of the Act, which makes the customs laws applicable to forfeitures and remission of forfeitures under this Act. We think the clear import of Section 4 is to leave vested in the Secretary of the Treasury the exclusive jurisdiction of remission of forfeitures under the Act.

A reading of the entire section 6 makes the Congressional intent clear. The section states that the provisions of the Act shall be construed to be supplemental to and "not to impair in any way, existing provisions of law,"[1] relating to the imposition of fines, forfeitures, and remission of forfeitures provided for in any statute. Congress wanted to make it clear that the Act applied only to the subjects covered therein, namely, narcotics, firearms, coins, securities, or obligations of the United States or of foreign governments, and did not affect the operation of any other act. To construe the Act as appellee does would not only destroy the express provisions of Section 4 of the Act but would also impair the provisions of 19 U.S.C.A. § 1618 by transferring the power to review applications for remission of forfeitures from the Secretary of the Treasury to the District Court.

It is our conclusion that the jurisdiction of the District Court to review applications for the remission of forfeitures is limited to those which arise out of liquor law violations of revenue laws.

The judgment of the court is Reversed, and the cause is Remanded to proceed in conformity with the views expressed herein.