**UNITED STATES v. ONE 1946 PLYMOUTH SEDAN, MOTOR NO. P–15–116329, SERIAL NO. 11569665.**

Misc. No. 1106.

District Court, E. D. New York.

Dec. 27, 1946.

Henry K. Chapman, of New York City, for owner and claimant, for the motion.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Jesse Silverman, Asst. U. S. Atty., of Brooklyn, N. Y. of counsel) for libelant.

KENNEDY, District Judge.

During the evening of July 30, 1946, agents of the Bureau of Narcotics were conducting surveillance over a 1946 Plymouth Sedan owned by the claimant in this proceeding, one Thomas Toscano. In the early morning of July 31, 1946, these agents saw the claimant, accompanied by a second person carrying a package, enter the car, which they then trailed to La Guardia Airport in the county of Queens, New York City, where claimant and his passenger, emerging from the automobile, walked toward the Administration Building. It developed that the package carried by the passenger contained narcotics, and both claimant and his passenger were placed under arrest. The car was seized, and on October 15, 1946, the United States Attorney filed his libel of information, praying that it be condemned.

The owner of the car now moves for an order releasing the car if he files a stipulation (bond) in the amount of $1,154.70, the undisputed value of the automobile. He says that no drugs were found in his own possession or in the automobile, and that he needs the car for proper business purposes. In what I have to say hereafter, I am assuming, arguendo, that claimant is innocent of any offense, that he needs his car for legitimate purposes and will use it for no other, and that the amount of the bond suggested by him is adequate in amount—i. e., it is equal to the value of the automobile.

The seizure was made under the Act of August 9, 1939, c. 618, § 1, 53 Stat. 1291, 49 U.S.C.A. § 781. Barring certain peculiar provisions applicable to common carriers and not relevant here, that statute absolves owners of vehicles from the consequences of forfeiture only where the vehicle when seized is illegally in the possession of the actual offender. 49 U.S.C.A. § 782. Apart from that, the owner's remedy by way of remission of the forfeiture, and his only remedy, seems to be an application to the Secretary of the Treasury, because one section of the statute (49 U.S.C.A. § 784.) makes applicable in "contraband" cases (narcotics, firearms, counterfeit money, and machinery for making it) the laws relating to customs seizures. This must mean that remissions are governed by the customs statute giving full power over such matters to the Secretary of Commerce or the Secretary of the Treasury, as the case may be. Act of June 17, 1930, c. 497, Title IV, § 618, 46 Stat. 757, 19 U.S.C.A § 1618. As I understand it, the sole exception to this procedure is in the case of remission or mitigation of forfeitures under the liquor laws. Act of August 27, 1935, c. 740, § 204, 49 Stat. 878, 18 U.S.C.A. § 646. All of this is set forth in a recent and careful analysis of the statutes. United States v. One 1941 Plymouth Tudor Sedan, 10 Cir., 1946, 153 F.2d 19. And it amounts to saying, so far as the remission or mitigation of such forfeitures is concerned, that the District Courts are closed to innocent vehicle owners, who must suffer the consequences even of the surreptitious transmission of contraband by passengers, unless the Secretary of the Treasury chooses to be lenient.

I admit that on the argument of this motion I expressed unwillingness to believe that the forfeiture laws are as harsh as I have just said they are. But analysis of the cases demonstrates, at least to me, that the claimant has no remedy in this Court even if he is innocent. He relies upon an opinion by Judge Thacher (United States v. One Dodge Coupe, D.C., S.D.N.Y., 1927, 17 F.2d 661). That was a case where a car had been seized (because liquor was being transported in it) and was released on bond. The decision antedates the statute, already mentioned by me, which specifically gives the Court power to remit or mitigate forfeitures under the liquor laws (18 U.S.C.A. § 646). Judge Thacher, however, held that the Court had inherent power to relieve an innocent claimant by releasing his car pending trial of the cause of forfeiture so long as he furnished a bond. Claimant also relies on In re Jackson, D.C., N.D.N.Y., 1929, 35 F.2d 931, where a liquor-smuggling airplane was released on the giving of bond under the supposed authority of a section of the Judicial Code dealing with customs seizures based on defaults or deficiencies in the payment of duty, R.S. § 938, 28 U.S.C.A. § 751. The authority of In re Jackson, supra, has been badly weakened by The Seal, D.C., S.D.Cal., 1929, 45 F.2d 243, where it is pointed out that there is a wide difference between (1) a statutory seizure of the vessel itself for an offense against the law (in that case a false oath to procure a license, 19 U.S.C.A. § 498), and (2) a seizure of goods imported into this country under circumstances where the government merely asserts a money claim against the importer (the situation covered by the customs seizure statute, 28 U.S.C.A. § 751). And in The Seal it is said (even before the enactment of the statute underlying this particular libel of forfeiture, 49 U.S.C.A. § 781 et seq.) that where the sovereign makes a thing forfeitable because of some offense committed through its use, then the thing itself immediately becomes outlaw: in other words, underlying such statutes is a doctrine which is an extension of the archaic practice in respect of deodands. Of course, where that doctrine applies, the in-

nocence of the owner is immaterial; the courts themselves have no jurisdiction to help him unless the sovereign gives power. Our own statutory policy denies power to the courts: remission or mitigation of such forfeitures is through an act of grace by an administrative officer.

All of this is borne out by many forfeiture cases, where the thing itself is the object of forfeiture, both before and after the decision in The Seal, supra: Goldsmith, Jr.-Grant Co. v. United States, 1921, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376; General Motors Acceptance Corp. v. United States, 1932, 286 U.S. 49, 57, 52 S.Ct. 468, 76 L.Ed. 971, 82 A.L.R. 600; United States v. One Oldsmobile Sedan, D.C.Or., 1938, 23 F.Supp. 323; United States v. Pacific Finance Co., 2 Cir., 1940, 110 F.2d 732; United States v. One 1940 Packard Coupe, D.C. Mass., 1941, 36 F.Supp. 788; United States v. Childs, D.C., N.D.Ga., 1942, 43 F.Supp. 776.

Nor, if forfeiture such as those at bar (namely, under 49 U.S.C.A. § 781) are based upon the notion that the vehicle itself is the noxal thing, would one expect to find the Court possessed of the power even to review the action of the executive with respect to remission. And so the cases hold. General Motors Acceptance Corp. v. United States, 1932, 286 U.S. 49, 57, 52 S.Ct. 468, 76 L.Ed. 971, 82 A.L.R. 600; Cotonificio Bustese, S. A. v. Morganthau, 74 App.D.C. 13, 1941, 121 F.2d 884. On strictly logical grounds such forfeitures do not involve a denial of due process even to innocent lienors, General Finance Co. of Louisiana v. United States, 5 Cir., 1930, 45 F.2d 380. The constitutional point seems to have been set at rest long ago, Goldsmith, Jr.-Grant Co. v. United States, 1921, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376, and cases cited.

My conclusion is that when seizure of a contraband-carrying vehicle is made under the Act of 1939, 49 U.S.C.A. § 781 et seq., the remedy, and the only remedy, of the innocent owner or lienor is through an act of grace on the part of the Cabinet officer in whose jurisdiction the seizure lies (19 U.S.C.A. § 1618), liquor seizures solely excepted, 18 U.S.C.A. § 646.

If the Cabinet officer having the statutory authority denies remission, his exercise of discretion is not reviewable by the courts, although if he declines to act because he mistakenly thinks he has no power, a different situation might arise. In the light of all this, any order by me based upon this application would be without jurisdiction. And solely upon that basis I deny the motion. Submit order.