## UNITED STATES v. HECKINGER.

No. 280, Docket 20651.

Circuit Court of Appeals, Second Circuit.

July 11, 1947.

H. J. Raby and John F. McGohey, U. S. Atty., both of New York City, for appellant.

Henry K. Chapman, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

The libellant appeals from an order which restored to the claimant's possession, a motor car, seized by officers of the Bureau of Narcotics of the Treasury Department, on October 16, 1946. On November 27th, the libellant filed a libel of forfeiture against the car under § 2 of Chapter 618 of the First Session of the Seventy-Sixth Congress,[1] (the Act of 1939) upon the ground that at the time of the seizure it was being used "to facilitate the transportation, carriage, conveyance, concealment, receipt,

[1] § 782, Title 49 U.S.C.A.

possession, purchase, sale" of narcotics.[2] The owner claimed the car, answered the libel by denying all its allegations except the seizure, and on January 6, 1947, moved that the marshal should release the car upon payment of his fees and the posting of a bond of $831.33—its agreed value. The district court, feeling bound by earlier decisions, granted the motion, and the libellant appealed.

■■ The first question is whether the order is appealable, which it can be only in case it is final, because, although the suit is in form a libel in the admiralty, for purposes of appeal—and for most others—it is an action at law.[3] At first blush it would seem to be interlocutory, for the question has not yet been decided whether the car should be forfeited; like other interlocutory orders, it would be reviewable upon appeal from the final decree, and, if erroneous, the car would be seized again and disposed of in kind. However, that would not be an adequate remedy to the libellant if it has any legally protected interest in the possession of the car, pendente lite; for it is apparent on reflection that a bond may not be the equivalent of possession. When the claimant gets back his car, he is free, if he is so disposed, to continue those activities because of which it has been seized and which are the evil against which the statute is directed. Only an appeal in limine can protect that interest of the libellant, if the order is wrong. Pro tanto, the order is final and is therefore appealable.

■ Coming to the merits, we will assume that until the passage of the Tariff Act of 1922[4] it lay within the discretion of the district court to substitute a bond for any vehicle, seized for violation of the customs law. Thacher, J., so held in 1927[5] because the seizure was on land; and the First Circuit[6] later appears to have agreed, although it held that in cases of seizure upon water the claimant's right was unconditional. In the exercise of that discretion the relevant question would be whether the return of the vehicle to the claimant would be likely to result in its continued use in prohibited activities. No judge would return his car to a known purveyor of narcotics; presumably no judge would withhold it from an owner whom he believed not to be likely to use it for illicit purposes, even though it was subject to forfeiture because it had been so used by another. Section 4 of the Act of 1939, 49 U.S.C.A. § 784, made applicable to the seizures and forfeitures of the kind now at bar "All provisions of law relating to the seizure * * * of * * * vehicles for violation of the customs laws" including "the remission or mitigation of such forfeitures"; and the Circuit Court of Appeals for the Tenth Circuit has held that this incorporation by reference made the customs law the sole measure of "remission or mitigation."[7] We agree. Turning then to the Tariff Act of 1930,[8] it provides that "any person interested in any * * * vehicle * * * seized" for violation of the customs law, may file before sale of such "* * * a petition for the remission or mitigation of such * * * forfeiture"; and that the Secretary, "if he finds such * * * forfeiture was incurred without willful negligence or without any intention * * * to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such * * * forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just." The Tariff Act of 1922 was the same;[9] but § 3078 of the Revised Statutes had given to the owner the privilege of remission only after sale, and had confined it to cases where the Secretary should find that the owner had, not only been "without willful

---

[2] § 781(a) (3), Title 49 U.S.C.A.

[3] Four Hundred and Forty-Three Cans of Frozen Egg Product v. United States, 226 U.S. 172, 33 S.Ct. 50, 57 L.Ed. 174; Eureka Productions v. Mulligan, 2 Cir., 108 F.2d 760.

[4] § 618, Chapter 356, II Sess., 67th Congress, 42 Stat. 987.

[5] United States v. One Dodge Coupe, D.C., 17 F.2d 661.

[6] United States v. Davidson, 1 Cir., 50 F.2d 517.

[7] United States v. One 1941 Plymouth Tudor Sedan, 10 Cir., 153 F.2d 19.

[8] § 1618, Title 19 U.S.C.A.

[9] § 618 of Chapter 356, II Sess., Sixty-Seventh Congress, 42 Stat. 987.

" negligence or any intention of fraud," but had not known of the "seizure and sale." Apparently it was not called to the attention of Thacher, J., in 1927 that the Tariff Act of 1922 applied to liquor seizures by virtue of the Internal Revenue Law,[10] and that any remission or mitigation of forfeitures was solely in the hands of the Secretary. Indeed, this continued to be true until 1935.[11]

■ From the foregoing we understand that it was the purpose of Congress until 1922 that before sale the courts should have exclusive control over the forfeiture of vehicles liable for violation of the customs law, and that the Secretary should have no power except to remit the proceeds of the sale to such innocent owners as had not been aware of the seizure or sale. On the other hand, from 1922 forward it has been possible for any owner to apply to the Secretary before sale for remission or mitigation, if he is innocent, and even if there are merely some extenuating circumstances. We think that the power so confided to the Secretary is inconsistent with any power in the court to release a vehicle, pendente lite, by posting a bond. To confine the Secretary to the remission or mitigation of the pecuniary liability alone, would deprive him of the power to detain the vehicle, pendente lite, which may not improperly be regarded as part of the forfeiture itself, and which in any event may be an interest extremely important to the United States, in addition to the pecuniary penalty. This conclusion is confirmed when one observes that the Secretary's power is not limited to the period after decree, but covers the whole period between seizure of the vehicle and its sale. If the claimant be right, for a part of that period (between the filing of the libel and decree) both the court and the Secretary would have power to restore or withhold possession from the owner. It is not open to debate that Congress did not intend to create such a divided authority.

We think that Judge Kennedy's ruling in United States v. One 1946 Plymouth Sedan, D.C., 73 F.Supp. 88 was correct.

Order reversed.

[10] § 3726, Title 26 U.S.C.A. Int.Rev. Code.