### UNITED STATES v. KEMP.

#### No. 4166.

United States Court of Appeals
Tenth Circuit.

Jan. 2, 1951.

Harry G. Foreman, Asst. U. S. Atty., Norman, Okl., for appellant.

Laynie W. Harrod, Oklahoma City, Okl., for appellee.

Before HUXMAN, MURRAH, and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

Appellee, Louis Alvin Kemp, was tried by information in the United States District Court for the Western District of Oklahoma, on three counts for violations of the Federal narcotic laws. 26 U.S.C.A. §§ 2953(a), 2591(a) and 3234(a). At the conclusion of the evidence, the trial court directed the jury to return a verdict of not guilty, and entered an order dismissing the case. The order of dismissal also directed the narcotic agents to return the defendant's automobile, which had been seized at the time of arrest for forfeiture.

The Government has appealed from that portion of the order directing the return of the forfeited automobile, and the sole question here is whether the court had jurisdiction to remit the forfeiture. We hold that it did not.

Section 2 of the Contraband Transportation Act, 49 U.S.C.A. § 782, authorizes the seizure and forfeiture of an automobile used in the transportation of narcotics and other designated contraband. Section 4 of the Act, 49 U.S.C.A. § 784, expressly makes applicable "All provisions of law relating to the seizure * * * of * * * vehicles for violation of the custom laws" including "the remission or mitigation of such forfeitures". And, the applicable provisions of the custom laws are also extended "to forfeitures incurred or alleged to have been incurred under the internal revenue laws." See 26 U.S.C.A. § 3726. The only exception to the application of the custom laws to forfeitures incurred under the revenue laws is in cases arising under the Liquor Enforcement Act. In 1935 Congress divested the Secretary of the power to remit or mitigate forfeitures in liquor cases and placed it exclusively in the District Courts. See 18 U.S.C.A. § 646, now § 3617, 18 U.S.C.A.

As we said in United States v. One 1941 Plymouth Tudor Sedan, 10 Cir., 153 F.2d 19, the Federal district court has exclusive jurisdiction to remit forfeitures for violation of the revenue laws relating to liquor violations and power to remit all other forfeitures for violation of revenue laws is vested exclusively in the Secretary of the Treasury. See also United States v. Heckinger, 2 Cir., 163 F.2d 472; United States v. Gramling, 5 Cir., 180 F.2d 498; United States v. Andrade, 9 Cir., 181 F.2d 42; United States v. One 1946 Plymouth Sedan, D.C., 73 F.Supp. 88.

Appellee's only remedy is to petition the Secretary of the Treasury under Section 1618 of the Tariff Act, 19 U.S.C.A. (the applicable custom law), which expressly authorizes the Secretary to grant remission or mitigation "if he finds such * * * forfeiture was incurred without willful negligence or without any intention * * to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation * * *."

The judgment is reversed with directions to vacate that part of the order granting the remission.