UNITED STATES

v.

ONE 1950 CHRYSLER SEDAN
NEW YORKER et al.

Civ. No. 11454.

United States District Court
W. D. Pennsylvania.

Jan. 4, 1954.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Samuel M. Rosenzweig, Pittsburgh, Pa., for Finance Co.

GOURLEY, Chief Judge.

This is a libel for the forfeiture of a 1950 Chrysler Sedan. The vehicle was in the possession of John M. Byrd when seized but owned by Maggie Byrd, his mother, who financed the purchase through Midland Credit Company.

Mother and son lived in the same abode, and narcotic activities occurred in and about said premises, which established probable cause for the search and seizure.

When seized, there was concealed in the vehicle narcotics, four marihuana cigarettes and one deck of heroin, which totaled 20 grains and 7 grains respectively.

Maggie Byrd does not contest the proceeding nor did she testify. The Finance Company contends it conducted a credit investigation of Maggie Byrd and as a result thereof, no reasonable basis existed to believe the vehicle would be used in the furtherance of an illegal activity.

It is the government's contention that under the above circumstances the said vehicle was used in violation of Sections 781–788 of Title 49 U.S.C.A., and is, therefore, subject to seizure and forfeiture.

Narcotic activities were unquestionably engaged in by Byrd in and about the residence of Maggie Byrd. Probable cause existed for the search and seizure and the claimant Finance Company must establish its claim.

Where actions are brought for the forfeiture of a vehicle pursuant to Title 19 U.S.C.A. § 1615, the person claiming such property must assume the burden of proof, provided that probable cause is first shown for the institution of the libel. United States v. One 1949 Pontiac Sedan, 7 Cir., 194 F.2d 756; United States v. One 1937 Hudson, D.C., 21 F.Supp. 600; W. E. Dean & Co. v. United States, 5 Cir., 171 F.2d 468.

Manifestly the statute which relates to forfeitures is a remedial measure. It was remedial for the purpose of alleviating the hardships suffered by those having interests in confiscated property and should be liberally construed in favor of its objects. United States v. One 1936 Model Ford Coach, 307 U.S. 219, 226, 59 S.Ct. 861, 83 L.Ed. 1249; Pittsburgh Parking Garages, Inc. v. United States, 3 Cir., 108 F.2d 35.

Nevertheless, the Midland Credit Company's inquiry was limited to the Credit Bureau as to the credit rating of Maggie Byrd.

An examination of the evidence convinces me that in view of the suspicious circumstances surrounding the Maggie Byrd residence as to the conduct of narcotic activities, the Midland Credit Company displayed gross negligence in failing to ascertain the facts, and must, therefore, assume the consequences of its negligence. City Nat. Bank & Trust Co. of Oklahoma City v. United States, 8 Cir., 163 F.2d 820.

If there was probable cause for the belief that the narcotics in question were contraband, and the contraband was transported in the vehicle, claimant having offered no evidence, other than of the usual routine credit investigation, a decree of forfeiture should be entered. United States v. One 1949 Pontiac, supra; United States v. Davidson, 1 Cir., 50 F.2d 517; United States v. Blackwood, 1 Cir., 47 F.2d 849.

Jurisdiction of the District Court in the remission of forfeitures is limited to vehicles, etc., used in transporting liquor in violation of the revenue laws, and power to remit all ve-

hicle forfeitures for violation of revenue laws is vested exclusively in the Secretary of the Treasury. United States v. One 1941 Plymouth, 10 Cir., 153 F.2d 19; United States v. Heckinger, 2 Cir., 163 F.2d 472; United States v. Kemp, 10 Cir., 186 F.2d 808.

 The District Court is without jurisdiction to remit a forfeiture under the Internal Revenue Laws of an automobile used in violation of the narcotic laws.

An appropriate Order is entered.