UNITED STATES

v.

ONE 1952 LINCOLN CAPRI.

Civ. No. 11925.

United States District Court,
W. D. Pennsylvania.
June 8, 1954.

John W. McIlvaine, U. S. Atty., John A. DeMay, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for United States of America.

Harold Rothman, Pittsburgh, Pa., for Commercial Credit Corp.

GOURLEY, Chief Judge.

This is a libel for the forfeiture of a 1952 Lincoln Capri owned by Joseph

Harper. Harper did not answer the libel and did not appear to offer any evidence of innocence or avoidance.

The bailment lease contract under which Harper purchased the vehicle was assigned to Commercial Credit Corporation. The claimant is Commercial Credit Corporation whose interest in this automobile is based on the balance still owing on the aforementioned contract, amounting to $773.00.

Where actions are brought for the forfeiture of a vehicle pursuant to Title 19 U.S.C.A. § 1615, the person claiming such property must assume the burden of proof, provided that probable cause is first shown for the institution of the libel. U. S. v. One 1949 Pontiac Sedan, 7 Cir., 194 F.2d 756; U. S. v. One 1937 Hudson Terraplane Coupé Automobile, D.C., 21 F.Supp. 600; W. E. Dean & Co. v. U. S., 5 Cir., 171 F.2d 468.

The vehicle was driven by Harper to Greater Pittsburgh Airport during which time he was alone and under the surveillance of government agents. As he walked into the Airport, he was summarily apprehended by United States Narcotics Agents. A search of his person revealed that he was carrying a quantity of heroin.

Upon indictment, Harper entered a plea of guilty in violation of Section 2553(a) of Title 26 of the United States Code and sentence was imposed.

The constant and uninterrupted surveillance conducted by the Narcotic Agents from the time Harper entered his vehicle to the time of discovery of the narcotics in his possession establishes to my satisfaction the unavoidable conclusion that the contraband was transported in the instant vehicle.

The government contends that these circumstances establish the use of said vehicle in violation of Sections 781–788 of Title 49 U.S.C.A., and is, therefore, subject to seizure and forfeiture.

Harper undoubtedly was a significant participant and trafficker in narcotics. Probable cause existed for the search and seizure, and the claimant, Commercial Credit Corporation, must establish its claim.

The evidence evinces the inevitable conclusion that the suspicious and questionable conduct of Harper, prior to his apprehension, required more than a routine credit examination on the part of the Commercial Credit Corporation, and that said Credit Company displayed gross negligence in failing to ascertain the facts, and must, therefore, assume the consequences of its negligence. City Nat. Bank & Trust Co. v. U. S., 8 Cir., 163 F.2d 820.

If there was probable cause for the belief that the narcotics in question were contraband, and the contraband was transported in the vehicle, claimant having offered no evidence, other than of the usual routine credit investigation, a decree of forfeiture should be entered. U. S. v. One 1949 Pontiac Sedan, supra; U. S. v. Davidson, 1 Cir., 50 F.2d 517; U. S. v. Blackwood, 1 Cir., 47 F.2d 849; U. S. v. One 1950 Dodge Sedan, 5 Cir., 211 F.2d 738.

Jurisdiction of the district court in the remission of forfeitures is limited to vehicles, etc., used in transporting liquor in violation of the revenue laws, and power to remit all vehicle forfeitures for violation of revenue laws is vested exclusively in the Secretary of the Treasury. U. S. v. One 1941 Plymouth Tudor Sedan, 10 Cir., 153 F.2d 19; U. S. v. Heckinger, 2 Cir., 163 F.2d 472; U. S. v. Kemp, 10 Cir., 186 F.2d 808.

It is my judgment that the forfeiture should be entered.

The District Court is without jurisdiction to remit a forfeiture under the Internal Revenue Laws of an automobile used in violation of the narcotic laws.

The Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

1. The libellant in this case is the United States of America, and the libel was filed on January 19, 1954.

2. The vehicle involved is a 1952 Lincoln Capri automobile with motor number 52 LP 16365H. It was purchased by Joseph Harper on June 18, 1952, from the Homestead Lincoln Mercury, Inc., under a bailment lease contract which was subsequently assigned to the Commercial Credit Corporation.

3. The claimant is Commercial Credit Corporation whose interest in this automobile is based on the balance still owing on the aforementioned contract, amounting to $773.00.

4. Joseph Harper has failed to answer the libel filed in this proceeding, and has taken no action in regard to this matter, although due notice had been given to him.

5. On October 14, 1953, Joseph Harper drove this vehicle to the Greater Pittsburgh Airport. He parked the car and walked into the airport where he was immediately apprehended by United States Narcotics Agents. A search of his person revealed that he was carrying 4 ounces and 219 grains of heroin. He was under the surveillance of Narcotics Agent Edward M. Burke from the time he entered the airport parking lot until the time of his apprehension. At no time during this period did Joseph Harper talk to any person, stop near any person, or perform any other action but to walk from his car directly into the airport, with Agent Burke following closely behind him.

6. On April 20, 1954, in the United States District Court for the Western District of Pennsylvania, Joseph Harper plead guilty to all counts pertaining to him at Indictment Number 14072 Criminal. The fifth count of said indictment charged him with unlawfully purchasing 4 ounces and 219 grains of heroin on October 14, 1953, in violation of Section 2553(a) of Title 26 of the United States Code.

7. The claimant herein, Commercial Credit Corporation, made only a routine credit check of Joseph Harper before extending credit to him for the purchase of this car.

8. The claimant introduced no evidence to prove that probable cause did not exist for the seizure of this car.

### Conclusions of Law

1. This automobile was used for the transportation of a contraband article, to wit, heroin, a narcotic drug, in violation of Section 781 of Title 49 of the United States Code.

2. There is sufficient evidence in this case to indicate that probable cause existed to justify the seizure of this automobile.

3. This Court has no jurisdiction to remit or mitigate the forfeiture of the motor vehicle seized in this case.

4. The motor vehicle will be declared forfeited to the United States.

An appropriate order is entered.