**UNITED STATES of America,**
**Libelant,**

v.

**ONE SOLID GOLD OBJECT IN FORM OF A ROOSTER, Libelee.**

**Civ. No. 1502.**

United States District Court
D. Nevada.

Sept. 9, 1960.

Howard W. Babcock, U. S. Atty., and Chester C. Swobe, Asst. U. S. Atty., Reno, Nev., for libelant.

Paul D. Laxalt, Carson City, Nev., for claimant, Richard L. Graves.

HALBERT, District Judge.

This action in libel has been brought by the United States of America for the condemnation of one solid gold object in form of a rooster (libelee). Libelee is alleged to have been held in custody by Richard L. Graves (claimant), in violation of the provisions of the Gold Reserve Act of 1934 (Title 31 U.S.C.A. §§ 441–446). Libelee has been seized by order of this Court, and is presently being held by the United States Marshal for this District. Claimant has moved this Court for an order releasing libelee to his custody, upon the posting of an adequate bond, pending further proceedings.

The instant proceeding has been properly instituted in conformity with like proceedings for the forfeiture, seizure, and condemnation of property imported into the United States contrary to law (Title 31 U.S.C.A. § 443).

A primary and salient rule of law, which must be kept in mind in considering claimant's motion, is that the ultimate responsibility and authority for the release of the property sought to be forfeited are vested in the Secretary of the Treasury of the United States. Such responsibility and authority are not within the power of this Court (See: Title 19 U.S.C.A. § 1614 and § 1618; United States v. Heckinger, 2 Cir., 163 F.2d 472; United States v. One 1946 Plymouth

Sedan, D.C., 73 F.Supp. 88 [1]). An examination of the cases just cited will disclose that the Government's position was weaker in those cases than it is in this case. In the instant case, the Government contends that libelee is an object contraband in and of itself, while in each of the previously cited cases, the object of contention was an automobile, which was in and of itself an innocent object that had become subject to forfeiture solely because it allegedly had been employed to transport narcotics. For the Government to refuse a bond in the amount of the actual value of an automobile, in lieu of the automobile, would be without basis in reason or logic. In the case of an automobile, it is obvious that a claimant able to post a bond could, upon being refused the release of the automobile, purchase another automobile, which would be the substantial equivalent of the one seized, since there is no law forbidding citizens to possess automobiles.[2] The situation presently being considered is quite different. Here the Government *does*, in fact, contend that its citizens are without the legal right to possess objects such as libelee.

In support of his motion, claimant has cited United States v. One Chevrolet Automobile, D.C., 267 F. 1021; United States v. One Dodge Coupé, D.C., 17 F.2d 661; and In re Jackson, D.C., 35 F.2d 931. Each of these cases is distinguishable from the case at bar upon the patent ground that each of them deals with libels against objects which are not contraband in and of themselves. Furthermore, United States v. One Dodge Coupé, supra, and In re Jackson, supra, obviously have been superseded by United States v. Heckinger, supra, insofar as they are inconsistent therewith. In addition, In re Jackson, supra, is further distinguishable on the ground that the Government in that case had no proper place to store the libeled object. Under such circumstances, a denial of release on bond was tantamount to an order of destruction. No such condition exists in this case.

It is, therefore, ordered that the motion of claimant for release of libelee to his custody be, and it is, hereby denied.

---

1. These cases are cited with obvious approval by the Court of Appeals for the Ninth Circuit in United States v. Andrade, 181 F.2d 42. Other cases asserting this rule are United States v. One Oldsmobile Sedan, D.C., 118 F.Supp. 450; United States v. One 1953 Oldsmobile Sedan, D.C., 132 F.Supp. 14; and United States v. One 1952 Buick Special Riviera Automobile, D.C., 136 F.Supp. 253.

2. Judge Kennedy, in United States v. One 1946 Plymouth Sedan, supra [73 F.Supp.

89], felt constrained to describe the forfeiture provisions of such statutes as we are here concerned with as "an extension of the archaic practice in respect of deodands." However, we need to turn to no such extraordinary medieval superstitious legal practice in this case. With certain specific exceptions, gold is contraband in this country because Congress, with the approval of the President, has so decreed. In the face of this legislation, the subject is not open to debate in this Court.