**Don Camby LOWTHER, Plaintiff-Appellee,**

v.

**UNITED STATES of America et al., Defendants-Appellants.**

**No. 72-1807.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 24, 1973.

Decided June 20, 1973.

James H. Harrod, Oklahoma, Okl., for plaintiff-appellee.

O. B. Johnston III, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., on the brief), for defendants-appellants.

Before PICKETT, HILL and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The government here appeals a judgment of the District Court for the Western District of Oklahoma in favor of plaintiff-appellee awarding him the sum of $892.50 representing the reasonable market value of certain weapons which the government had seized and forfeited. These consisted of two-9 mm German Lugers, a Winchester 30 caliber rifle, one-9 mm Luger-Drum Magazine and two boxes of miscellaneous rifle and submachine gun parts.

The events leading up to the seizure are important to an understanding of the problem presented to this court. On March 8, 1970, officers of the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service in the process of executing a search warrant seized the weapons in question from the residence of plaintiff-appellee. He was subsequently arrested and charged in a criminal case for possession of firearms contrary to 26 U.S.C. §§ 5861(d) and 5871. The seizure by the government was pursuant to 26 U.S.C. § 5872 as having been used illegally.

On May 20, 1970, the plaintiff-appellee filed a petition to the Director of the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service claiming the five items of property which had been seized and asking for remission or mitigation of forfeiture of the said items.

On October 8, 1970, appellee was tried in the criminal case and was acquitted on all nine counts. Notwithstanding this, on January 29, 1971, notice was given that the application for remission or mitigation had been denied. On January 7, 1971, apparently without the knowledge of the appellee, the weapons

and parts had been destroyed by Alcohol, Tobacco and Firearms Division agents.

Subsequently, on February 23, 1971, plaintiff-appellee filed the present action in the United States District Court for the Western District of Oklahoma. This took the form of a request for review of the Director's decision. However, at the trial it appeared that the five items had been destroyed and the trial court treated the case as an action for damages, disregarding the plaintiff's prayer for return of the items. As noted, a money judgment was entered. The basis for the court's decision was that plaintiff had been acquitted of illegal possession of firearms in a criminal prosecution and that this was in effect an adjudication of the legality of the property and the plaintiff's right to possess the same. The court reasoned that since the plaintiff was entitled to the possession and was in lawful possession the seizure was necessarily invalid. A seizure to be valid must be pursued, according to the court, by showing that the possession of the items be contrary to Title 26 U.S.C., Chapter 53. Therefore, the court continued, the imposition of the forfeiture contrary to law constituted an unconstitutional deprivation of the plaintiff's property.[1]

The government asserts that the trial court lacked jurisdiction to grant relief because first, the administrative ruling on the petition for remission or mitigation was final and conclusive and not reviewable either directly or indirectly; secondly, it is contended that a court hearing was available to the appellee only by posting a cost bond within the time requirement of 26 U.S.C. § 7325. Failure to post the bond resulted in a waiver. The question is then whether by applying for remission of the penalty pursuant to 26 U.S.C. § 7327 rather than filing a bond pursuant to 26 U.S.C. § 7325 gave rise to a consent or tacit approval of the action of the Secretary or' his delegate in denying the application.

An important factor is that the property here is neither narcotics nor other contraband. On the contrary, it was determined by the trial court to have been innocently used and to have not been illegal per se. Furthermore, the appellee was adjudged by the jury in the criminal case to be not guilty. Thus, the government must justify a taking and forfeiture which was unrelated to any violation of the law and which concerned property which was validly in possession of the appellee. It boils down then to the government's having destroyed appellee's property without having any authority in law to do it. Consequently, the action of the Director of the Alcohol, Tobacco and Firearms Divi-

---

[1] The trial court's conclusions are set forth as follows:

The acquittal of the Plaintiff on criminal charges involving possession of firearms in violation of 26 U.S.C., §§ 5861(d), 5871, is in effect an adjudication of the legality of the property and the Plaintiff's right to possess the same. The Plaintiff is the actual and rightful owner of the items of personal property set forth in his Petition for Remission or Mitigation of Forfeiture and has complied with all the laws, both state and federal, pertaining thereto. The Defendant's contention that the property was rightfully forfeited according to the provisions and procedures prescribed in 26 U.S.C. § 7325, is in error since it is paramount to the invoking of that statute that the items of property involved be in violation of Chapter 53, Title 26, United States Code. This Court has determined that the items of personal property as described in the Plaintiff's Petition for Remission or Mitigation of Forfeiture were not held in violation of law, and as such the Order of the Internal Revenue Service to have the property destroyed was in violation of the Constitution, the laws of the United States, and as such deprives the Plaintiff of his property without due process of law. The imposition of forfeiture on the Plaintiff is penal in nature and causes an unconstitutional deprivation of personal property without just compensation.

Consequently, the Plaintiff is entitled to a judgment in his favor for the fair market value of the items of personal property as described in his Petition for Remission or Mitigation of Forfeiture that were seized and ordered destroyed by the Internal Revenue Service.

sion constituted a disregard of the evidence and law in the case and was contrary to the due process clause of the Fifth Amendment.

Prior to the decision of the Supreme Court in United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), there was confusion as to the authority of officers of the government to seize and forfeit property. There were early cases which have held that such authority was absolute.[2] Some of the older cases, on the other hand, held that an acquittal in a criminal case was a bar to the forfeiture and still other cases held that the criminal case and the forfeiture proceedings were interrelated and that the forfeiture could not be validly carried out unless there had been a conviction in the criminal case.[3] *Coin & Currency* brought about some degree of order. It held first, that the forfeiture is criminal in character; secondly, it recognized the necessity for the owner of the property to have been using it in a criminal activity. It said that the forfeiture penalty is to be imposed only upon those who are significantly involved in a criminal enterprise. *See* 401 U.S. at 722, 91 S. Ct. 1041. It also questioned whether the forfeiture is an *in rem* proceeding since it is interrelated with the wrongdoing of the owner.[4]

Also, since *Coin & Currency*, doubts as to the unlimited discretion of the Secretary have been removed. He may not arbitrarily deny remission in disregard of the evidence and the law and at the same time escape judicial inquiry and scrutiny.

As shown above, the Supreme Court has said that if the situation is sufficiently extreme, there will be court intervention. The form of court intervention is not defined, but this is not entirely new. Even the early cases such as Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886), have said that acquittal in the criminal case allows the defendant to assert this judgment as a defense in forfeiture proceedings.

This court has, in relatively recent times, recognized the vitality of *Coffey*. In the case of United States v. One 1956 Ford Fairlane Tudor Sedan, 272 F.2d 704 (10th Cir. 1959), the defendant was prosecuted for the transportation of sugar intended for use in the unlawful manufacture of distilled spirits. The result of this was a verdict of not guilty. Notwithstanding the verdict, forfeiture proceedings were undertaken against the vehicle and the sugar. This court, applying the *Coffey* case, held that the acquittal in the criminal case barred forfeiture action.[5]

---

2. Early cases of this court, *e. g.* United States v. Kemp, 186 F.2d 808 (10th Cir. 1951), United States v. One 1941 Plymouth Tudor Sedan, 153 F.2d 19 (10th Cir. 1946), which state that the Secretary has uncontrollable discretion are wholly inconsistent with *Coin & Currency*.

3. *Cf.* Notes 3 A.L.R.2d 738; 27 A.L.R.2d 738.

4. The Court recognized the broad scope of the forfeiture proceedings, but that it is nevertheless subject to limitations of the Constitution. The Court stated:
   An express statutory provision permits the innocent owner to prove to the Secretary of the Treasury that the "forfeiture was incurred without willful negligence or without any intention on the part of the petitioner . . . to violate the law . . . . .

19 U.S.C. § 1618. Upon this showing, the Secretary is authorized to return the seized property "upon such terms and conditions as he deems reasonable and just." It is not to be presumed that the Secretary will not conscientiously fulfill this trust, and *the courts have intervened when the innocent petitioner's protests have gone unheeded. When the forfeiture statutes are viewed in their entirety, it is manifest that they are intended to impose a penalty only upon those who are significantly involved in a criminal enterprise.*
401 U.S. at 721–722, 91 S.Ct. at 1044 (emphasis added) . (citations & footnote omitted).

5. The opinion of Judge Breitenstein declared:
   On the ground that the acquittal in the criminal case barred recovery in

In the case at bar the trial court did not specify a jurisdictional avenue. It simply ruled that the plaintiff was entitled to recover based on the taking of his property without due process of law. There is, however, a statutory remedy which is peculiarly adaptable to the present case and that is the Tucker Act which authorizes the district court to entertain an action against the United States founded upon the Constitution.[6]

We do not regard as significant the fact that the trial court did not cite the Tucker Act since it acted in accordance with it when it ruled that it had jurisdiction to remedy a taking of property contrary to the Fifth Amendment. While the Tucker Act would not be the appropriate remedy in every case, the peculiar facts here presented giving rise as they do to a palpable taking of property without due process of law render it peculiarly appropriate.[7]

In summary, then, we hold that the officers here acted contrary to law in seizing the property in question; that the Director acted contrary to law in disregarding the evidence and in acting without any tenable legal basis, since the property was innocent and was not being used illegally. Finally, we agree with the trial court that the appellee's constitutional rights were violated; we hold that the taking without due process gave rise to a remedy under the Tucker Act.

It follows that the judgment should be and the same is hereby affirmed.

---

this case, the trial court directed a verdict in favor of the defendant.

We are unable to distinguish this case from Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684, wherein it was held that the acquittal of Coffey on various liquor tax charges barred forfeiture proceedings.

\*     \*     \*     \*     \*

Any departure from Coffey and its "uncritical language" must come from the Supreme Court. We are bound by the rule therein announced.

272 F.2d 704–705.

6. It provides that the district court has original jurisdiction, concurrent with the Court of Claims, of

[a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of any executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort.

28 U.S.C. § 1346(a)(2).

7. This remedy has been applied to forfeiture proceedings by federal courts on previous occasions. United States v. One 1961 Red Chevrolet Impala Sedan, 457 F.2d 1353 (5th Cir. 1972); Jaekel v. United States, 304 F.Supp. 993 (S.D. N.Y.1969). In *Jaekel* the plaintiff's vehicle was seized as a result of conduct of her daughter. Subsequently, it was sold and the proceeds were turned over to the bank to satisfy the mortgage. An action was brought by the plaintiff alleging that the forfeiture was void in that it deprived her of her property without due process of law. The United States District Court for the Southern District of New York (Judge Bonsal) held that the Tucker Act was a proper remedy.

In United States v. One 1961 Red Chevrolet Impala Sedan, the Fifth Circuit rejected the government's contention that the plaintiff had not followed the proper remedy and ruled that the owner of the property invalidly forfeited had a remedy under the Tucker Act. The court did not, however, give effect to the remedy, but due to the fact that the owner had sought to get relief under Rule 60(b) in the forfeiture proceedings, affirmed the action without prejudice to the owner to institute a new suit under the Tucker Act.